UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR LEBRON,

                        Petitioner,

        v.

MICHAEL CAPRA, SUPERINTENDENT, SING SING CORRECTIONAL FACILITY,

                        Respondent.

No. 22-CV-9089 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Petitioner Hector Lebron brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2015 conviction in the Supreme Court of the State of New York, Bronx County. *See* Dkt. No. 9. Lebron alleges that he was deprived of his constitutional right to a speedy trial when he was incarcerated at Rikers Island for almost three years before his guilty plea, and that his subsequent sentence was excessive. *Id.* On January 12, 2023, Magistrate Judge Ona T. Wang issued an order to show cause, directing Lebron to submit a declaration explaining why his petition should not be dismissed as time barred. Dkt. No. 11. As Judge Wang explained, New York's Court of Appeals denied Lebron leave to appeal in 2018, but he failed to bring a Section 2254 petition in federal court until September 27, 2022, long after the one-year deadline. *Id.* at 2; *see* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d)(1). On February 13, 2023, Judge Wang granted Lebron's request to extend the deadline to respond to the Court's order to show cause, Dkt. No. 13, but Lebron failed to respond thereafter.

      Before the Court is the November 6, 2023 Report and Recommendation of Judge Wang, which recommends denying Lebron's petition as time barred and dismissing the case. Dkt. No. 14 (the "Report"). In the Report, Judge Wang notes that Lebron failed to respond to her prior

order to show cause and explains that "[c]ourts may dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute." *Id.* at 1 (citing *Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). *See also* Fed. R. Civ. P. 41(b). The Report also warns that "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." Report at 2. No party has since filed an objection to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (*quoting Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

As no objections to Judge Wang's Report were filed, the Court reviews the Report for clear error. After careful consideration of the record, the Court finds no error and thus adopts the thorough and well-reasoned Report in its entirety. Accordingly, the petition is dismissed as time barred.

The Clerk of Court is respectfully directed to terminate this case and to mail a copy of this order to Petitioner.

Dated:   January 25, 2024
         New York, New York

                                                    _____
                                                    Hon. Ronnie Abrams
                                                    United States District Judge